UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL GRAUER,                                          :

                 Plaintiff,                          :

        - against -                                  :   07 Civ. 5450 (LAP) (DCF)

                               :

UBS FINANCIAL SERVICES, INC.,                            :
THOMAS REICHERT, and BARRY CONNELL,       :

             Defendants.                            :
------------------------------------------------------------------X
UBS FINANCIAL SERVICES, INC.,                            :
THOMAS REICHERT, and BARRY CONNELL,       :

        Counterclaim Plaintiffs,                    :

        - against -                                  :

MICHAEL GRAUER,                                          :

        Counterclaim Defendant.                     :
------------------------------------------------------------------X

Box in upper right:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/13/07

### STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY

**IT IS HEREBY STIPULATED AND AGREED,** by and among counsel for the parties

as follows:

1.     This Stipulation and Protective Order of Confidentiality ("Order") shall apply to

any Discovery Material that Plaintiff/Counterclaim Defendant Michael Grauer ("Plaintiff") and

Defendants/Counterclaim Plaintiffs UBS Financial Services, Inc. ("UBSFS"), Thomas Reichert,

and Barry Connell (collectively, "Defendants") provide during discovery in the above-captioned

actions (collectively, the "Action") and designate as confidential ("Confidential Material").

2.     For purposes of this Order, "Discovery Material" shall include all written,

recorded or graphic material in any form or medium, and any information or date contained

therein, disclosed or produced to any party in connection with this Action. Discovery Material includes, without limitation, all items enumerated in Rule 26(a) and rule 34(a) of the Federal Rules of Civil Procedure, interrogatory responses, responses to requests for admission and deposition testimony, transcripts and exhibits.

3.    A party will designate Confidential Material only that material that such party reasonably believes contains confidential, sensitive, personally private, or proprietary information. Any party shall designate as Confidential only so much of the Discovery Material that is Confidential.

4.    All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL," separately on each page.

5.    In lieu of marking the originals of documents, the parties may mark the copies that are produced or exchanged.

6.    Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall not be disseminated by the parties or their attorneys in any manner, orally or in written form, to anyone other than:

a.    Counsel of record and in-house counsel for the parties to this Action, and the legal interns, paralegals, clerical, secretarial staffs employed by such counsel, and such copy services retained by such counsel;

b.    The parties to this Action;

c.    Defendant UBSFS's employees to the extent necessary to allow the parties to litigate this Action;

d.    Experts and consultants retained by counsel in connection with this Action, who are assisting counsel in the prosecution or defense of this Action;

2

e.     Any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this Action;

f.     Nonparties who (1) authored or received the Confidential Material, or (2) are actual or potential witnesses or deponents, and their counsel, to the extent necessary to assist in the preparation for depositions or other testimony in this Action;

g.     The Court, including the trial and appellate courts and their respective staffs;

h.     The jury; and

i.     Any person that the Court may designate in the interest of justice upon terms that the Court deems proper.

7.     Prior to disclosure by the parties or their attorneys of any Confidential Material to any person referred to in paragraphs 6(d), 6(f) and 6(i) of this Order, counsel shall provide such person with a copy of this Order and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as Exhibit A.  Such declaration shall not be required to be served on any other party, but shall be retained by counsel for the party making the disclosure.

8.     Any document or information actually comprising or containing Confidential Material filed in any court shall be filed under seal in a clearly marked envelope and shall not be filed on the court's electronic-court filing system or in any other manner that would make the filed documents accessible to the public.  No documents or information filed under seal shall be made available to third parties or the public, except by further order of this Court or in accordance with terms of this Order.

9.     All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

3

10.    Should the party receiving the material object to the designation of confidentiality, the receiving party may apply to the Court by motion for a ruling that the material should not be treated as Confidential. Until the Court rules upon such motion, the contested Discovery Material shall be afforded the confidential treatment provided for in this Order. The party requesting the designation shall have the burden of demonstrating that the Confidential Material in appropriately designated.

11.    Any party may, after conferring with opposing counsel in an effort in good faith to resolve the issues by agreement and having been unable to reach such an agreement, apply by motion to the Court for relief from the provision of this Order with respect to all or certain Discovery Material, including, without limitation, the elimination, lessening or increasing of restrictions otherwise applicable to such Discovery Material. Nothing herein shall create any presumption or constitute an admission that any Discovery Material should be accorded confidential treatment, or shall affect any party's right to seek to modify any provision of this Order.

12.    This Order shall not: (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a party to seek a court determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a party to object to the introduction into evidence of any documents or information it considers inadmissible; or (d) prejudice in any way a party's right to use its own Confidential Material (Confidential Material that the party lawfully and rightfully possesses) in any manner without consent of the opposing party or Court.

13.     Any person in possession of Confidential Material disseminated by the parties or their attorneys shall take all reasonable precautions necessary to maintain the safekeeping of the Confidential Material so as to avoid disclosure of its contents.

14.     Upon final termination of this action and any appeals, any person in possession of Confidential Material shall, upon written request, promptly return the Confidential Material, including all copies and excerpts, to counsel for the producing party, or confirm in writing that the Confidential Material, including all copies and excerpts, were destroyed.

15.     This Order shall be, and is hereby, adopted by the undersigned, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

16.     The disclosure of Confidential Material without designating as Confidential shall not constitute a waiver of the producing party's right to designate such Discovery Material as Confidential at a later time and, if so designated, the Discovery Material shall thenceforth be treated as Confidential Material subject to the terms of this Order.

17.     In the event of any inadvertent disclosure of Confidential Material by a party without marking such Discovery Material as "Confidential," the party receiving the inadvertent disclosure of Confidential Material shall, upon receipt of written notice of the inadvertent disclosure, mark the material as "Confidential," and treat such material as "Confidential Material" in a manner consistent with this Order.

5

Dated: New York, New York
  October 31, 2007

THOMPSON WIGDOR & GILLY LLP

By:

Douglas H. Wigdor (DW-9737)
Andrew S. Goodstadt (AG-2760)

350 Fifth Avenue, Suite 5720
New York, New York 10118
Telephone:  (212) 239-9292
Facsimile:  (212) 239-9001

*Counsel For Defendants/Counterclaim Plaintiffs*

LAW OFFICES OF JANICE GOODMAN

By:

Janice Goodman (JG-0487)

275 Seventh Avenue, Suite 2300
New York, New York 10001
Telephone:  (212) 869-1940
Facsimile:  (212) 419-1510

*Counsel for Plaintiff/Counterclaim Defendant*

SO ORDERED:

United States District Judge Loretta A. Preska

November 12, 2007

6

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL GRAUER,                               :
                                              :
                  Plaintiff,                  :
                                              :
           - against -                        :    07 Civ. 5450 (LAP) (DCF)
                                              :
                                              :
UBS FINANCIAL SERVICES, INC.,                 :
THOMAS REICHERT, and BARRY CONNELL,           :
                                              :
                  Defendants.                 :
------------------------------------------------------------X
UBS FINANCIAL SERVICES, INC.,                 :
THOMAS REICHERT, and BARRY CONNELL,           :
                                              :
           Counterclaim Plaintiffs,           :
                                              :
           - against -                        :
                                              :
                                              :
MICHAEL GRAUER,                               :
                                              :
           Counterclaim Defendant.            :
------------------------------------------------------------X

## DECLARATION CONCERNING STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY

I, the undersigned, hereby declare that I have read the foregoing Stipulation and

Protective Order of Confidentiality ("Order") in the above-captioned action and agree to adhere

to and abide by all of the terms and conditions of the Order.

_____
(Name)

_____
(Signature)

_____
(Date)

8