**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MICHAEL GRAUER,                          :
                                     :
            Plaintiff,          :
                                     :
    - against -                :          07 Civ. 5450 (LAP) (DCF)
                                     :
                                     :
UBS FINANCIAL SERVICES INC.,             :
THOMAS REICHERT, and BARRY CONNELL,      :          **ORAL ARGUMENT**
                                     :          **REQUESTED**
          Defendants.        :
-----------------------------------------------------------X
UBS FINANCIAL SERVICES INC.,             :
THOMAS REICHERT, and BARRY CONNELL,      :
                                     :
     Counterclaim Plaintiffs,    :
                                     :
    - against -                :
                                     :
                                     :
MICHAEL GRAUER,                          :
                                     :
     Counterclaim Defendant.     :
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION TO QUASH SUBPOENAS

THOMPSON WIGDOR & GILLY LLP

Douglas H. Wigdor (DW-9737)
Andrew S. Goodstadt (AG-2760)
Jordan K. Merson (JM-7939)
350 Fifth Avenue, Suite 5720
New York, New York 10118
Telephone:    (212) 239-9292
Facsimile:    (212) 239-9001

Counsel for Defendants/Counterclaim Plaintiffs

## <u>TABLE OF CONTENTS</u>

Preliminary Statement.................................................................................................1

Statement of Facts Material to this Motion.................................................................2

Argument ....................................................................................................................4

Plaintiff's Subpoeans Issued to UBSFS' Clients Should be Quashed.........................4

     A.  Plaintiff's Subpoenas are Overbroad and Seek Information
         that is Irrelevant and Confidential..............................................................5

     B.  Defendants Already Have Produced All Relevant, Non-
         Privileged Information Plaintiff Requests in the Subpoenas ........................8

     C.  Plaintiff's Attempt to Depose Defendants' Clients
         Represents an Undue Burden on Defendants and
         Substantiate That Plaintiff's Intentions are to Further Disrupt
         Defendants' Business...................................................................................9

Conclusion ................................................................................................................11

**PRELIMINARY STATEMENT**

Defendants/Counterclaim Plaintiffs UBS Financial Services Inc., ("UBSFS"), Thomas Reichert ("Reichert") and Barry Connell ("Connell") (hereinafter, collectively the "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Quash Plaintiff's Subpoenas Issued to UBSFS' clients Eugene Chernick (deceased), Scott Chernick, Ellen Lawrence, Louis Magrino and Peter Margonelli (hereinafter, collectively "UBSFS' clients"). The subpoenas issued by Plaintiff, which demand depositions of five UBSFS clients (including one who has been deceased for several months) and seek over eight years of wholly irrelevant material and documents, should be quashed because they amount to nothing more than a poorly-calculated fishing expedition designed to harass UBSFS' clients and further damage Defendants' business.

As set forth below, it is clear that Defendants' Motion to Quash Plaintiff's subpoenas duces tecum issued to UBSFS' clients should be granted for the following reasons: (i) Plaintiff's subpoenas are overly broad and seek confidential information not subject to discovery in this case; (ii) Plaintiff's requests represent a significant undue burden on UBSFS and its clients, as the subpoenas seek disclosure of patently irrelevant information and documents from 2000 to the present, when the material facts of this matter started in 2005; (iii) Plaintiff will not be subjected to any prejudice if the subpoenas are quashed because Plaintiff already has the information he seeks from UBSFS' clients. As such, the subpoenas are another transparent attempt by Plaintiff to pressure UBSFS by harassing its clients, some of whom have informed Defendants and Plaintiff's counsel that they do not wish to be continuously harassed in this matter.

Indeed, the malicious intent of these subpoenas is further illustrated by Plaintiff's defiance of a Court order when he served the subpoenas on UBSFS' clients after the Court stayed them because of their unduly harassing nature.

Based on the foregoing, which is set forth in greater detail below, the Court should grant Defendants' motion to quash the subpoenas in its entirety.

## STATEMENT OF FACTS MATERIAL TO THIS MOTION

On June 20, 2007, Plaintiff filed his Complaint in this action alleging that he was discriminated against on the basis of his age when UBSFS investigated his unlawful trading practices, but not the trading practices of other financial advisors. Plaintiff claims that as a result of said investigation, he was forced to resign from UBSFS.[1]  On August 16, 2007, Defendants filed their Answer with Jury Demand and Counterclaims against Plaintiff.  The Counterclaims were based on Plaintiff's theft of confidential and proprietary documents and information from UBSFS.  Thereafter, Plaintiff used this information and defamed Defendants in an effort to solicit business from Defendants' clients.

On Friday, January 11, 2008, at 5:40 p.m., Plaintiff provided Defendants, for the first time, with notice of subpoenas duces tecum (along with copies of the proposed subpoenas) to be served on non-party UBSFS clients Eugene Chernick (deceased), Scott Chernick, Ellen Lawrence, Louis Magrino and Peter Margonelli. (Copies of these subpoenas are attached to the Affirmation of Douglas H. Wigdor as Exhibits A-E.) Plaintiff's subpoenas demanded the appearance of these UBSFS clients for depositions, as well as "for the period January 1, 2000 to the present all documents relating directly or

---

[1]    Plaintiff filed a Second Amended Complaint dated December 28, 2007, with included similar allegations.  Defendants responded to the Second Amended Complaint on January 17, 2008.

indirectly to any disputes that you have or had with UBSFS and/or any financial agent with UBSFS or its predecessors and settlements thereof, including, but not limited to handwritten notes reflecting any discussions or negotiations, letters, memos, e-mails, settlement papers and drafts thereof." These subpoenas, which compelled UBSFS' clients to appear for depositions, sought eight years of material from those clients that is wholly irrelevant to this case and constitute to nothing more than a patently obvious attempt to harass Defendants' clients and interrupt and further damage their business relationships.

On Friday, January 11, 2008, at 6:44 p.m., Defendants objected in writing to Plaintiff's proposed subpoenas on the grounds that the subpoenas were obviously intended to harass current UBSFS clients and sought irrelevant and confidential documents and information. As such, Defendants insisted that Plaintiff withdraw the subpoenas. (See email from Andrew S. Goodstadt to Janice Goodman dated January 11, 2008, attached to Affirmation of Douglas H. Wigdor as Exhibit F). Rather than responding to Defendants' request, Plaintiff served the subpoenas. Indeed, one of UBSFS' clients advised Defendants that Plaintiff attempted to personally serve the subpoenas. After Plaintiff refused to withdraw the subpoenas, on January 14, 2008, Defendants were forced to write to the Court for an immediate stay of these subpoenas and to request that the Court quash the subpoenas.

At the conference held on January 16, 2008, the Court ordered an immediate stay of Plaintiff's subpoenas issued to UBSFS' clients. (See Order dated January 17, 2008, attached to Affirmation of Douglas H. Wigdor as Exhibit G). The Court also ordered that Plaintiff was entitled to propound a document request seeking all documents concerning

disputes between any of these specific clients and UBSFS and/or a financial advisor relating to a financial advisor's conduct. (Id.) In response to Plaintiff's subsequently issued document request, Defendants produced all additional responsive documents in its possession. Indeed, Defendants already had produced most responsive documents during its prior productions, along with all documents and information concerning their Counterclaims for Plaintiff's defamation of Defendants after his resignation.

In defiance of the Court's order, Plaintiff nevertheless subsequently served the subpoenas on UBSFS' clients without regard for the imminent harm to UBSFS' business interests that were conveyed to the Court and Plaintiff's counsel during the conference on January 16, 2008. This again necessitated Defendants to spend their resources writing to the Court seeking sanctions in a Motion for Contempt. In response, the Court ordered Plaintiff's counsel to inform each of the named individuals served with the subpoenas that the Court stayed those subpoenas and thus the recipients of the subpoenas were not required to take any action. (See Order dated January 25, 2008, attached to Affirmation of Douglas H. Wigdor as Exhibit H).[2]

## ARGUMENT

### PLAINTIFF'S SUBPOENAS ISSUED TO UBSFS' CLIENTS SHOULD BE QUASHED

Under Rule 45 of the Federal Rules of Civil Procedure, a party may seek to quash a subpoena duces tecum where it "requires disclosure of privileged or other protected matter" or where the production of such documents represent an "undue burden." Fed. R. Civ. P. 45(c)(3)(A). An evaluation of undue burden requires the Court to weigh the

---

[2] The Court also ruled that Plaintiff may not issue any subpoenas without prior permission from the Court. (Id.) At that time, the Court deferred ruling on whether Plaintiff's counsel was in contempt of Court.

4

burden to the subpoenaed party against the value of the information to the serving party. Bridgeport Music, Inc. v. UMG Recordings, Inc., 2007 U.S. Dist. LEXIS 91957 *4-5 (S.D.N.Y.) (quoting United States v. International Business Machines Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).  Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.  In this instance, each of the factors weighs heavily in favor of quashing the subpoenas.  Indeed, it is readily apparent that the undue burden on Defendants and their clients is significantly greater than Plaintiff's purported "need" for the requested documents, particularly in light of the fact that the discovery sought by the subpoenas is wholly irrelevant to the case, cannot possibly lead to the discovery of admissible evidence and all relevant documents regarding these UBSFS' clients already has been produced to Plaintiff.

**A.    Plaintiff's Subpoenas are Overbroad and Seek Information that is Irrelevant and Confidential**

As the Court is aware, Plaintiff's lawsuit is based on his claims that he was subjected to age discrimination when UBSFS investigated his unlawful trading practices.  Specifically, Plaintiff was investigated for (i) mismarking customer orders, and (ii) trading in client accounts without proper and necessary authorization from those clients.  Both of these practices violate rules and regulations of the self-regulatory organizations, as well as internal UBSFS policies.

Plaintiff admits that he engaged in unlawful transactions, and the entire basis of his claims of age discrimination is his suggestion that other financial advisors engaged in similar practices and were not investigated.  However, not only is Plaintiff's assertion

patently false, but UBSFS had no basis to believe that either of Plaintiff's "partners" engaged in any unlawful trading as exhibited by Plaintiff. In any event, the issue is whether UBSFS had knowledge that other financial advisors engaged in the same unlawful conduct as Plaintiff, but failed to treat Plaintiff and the other financial advisors in a similar manner because of Plaintiff's age. The overly broad requested documents and records cannot possibly lead to admissible evidence on this issue (or any other claim or defense in this case). Indeed, UBSFS has produced copious documents and information regarding Plaintiff's meritless claims. However, apparently unhappy with the substance of the documents produced in this case (which unequivocally demonstrate that Plaintiff engaged in the unlawful conduct that led to his voluntary resignation from the firm), Plaintiff issued the subpoenas in a misguided fishing expedition designed to harm UBSFS clients.

In the disputed subpoenas, Plaintiff demands that Defendants' nonparty clients appear for depositions and produce documents that are as much as eight years old, irrespective of whether they have anything to do with Plaintiff or his claims. "The party issuing [a] subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd., No. 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179 at *8 (S.D.N.Y. Dec. 23, 2003). "To the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (quoting International Business Machines, 83 F.R.D. at 106-07). Indeed, Courts in the Second Circuit quash subpoenas when the requested information is not relevant.

Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) (upholding trial court's order quashing subpoena where records had no relevance to main issues of case); Reytblatt v. Comm'r, 2002-1 U.S. Tax Cas. (CCH), 2002 U.S. App. LEXIS 12857 at *9 (2d Cir. May 20, 2002) (affirming lower court's quashing of Plaintiff's subpoena); Hawks v. Dina, 05CV156A, 2006 U.S. Dist. LEXIS 70372 (W.D.N.Y. Sept. 28, 2006) (quashing irrelevant requests in subpoena).

Here, it is clear that these subpoenas, covering over eight years of material and seeking documents wholly unrelated to this action, are irrelevant and should be quashed. Plaintiff's claims are based on age discrimination – i.e., he was allegedly singled out for an investigation into his illicit trading practices. However, Plaintiff's subpoenas request information about disputes between UBSFS and its clients. Such information is not relevant to the main issue in this case and cannot possibly lead to the discovery of admissible evidence, not to mention Defendants already have produced all documents concerning any disputes with the UBSFS clients at issue, as well as all responsive documents and information regarding their Counterclaims.

Moreover, Plaintiff's subpoenas call for the production of all documents concerning any "disputes" the clients may have had with Defendants without defining the meaning or scope of the term "dispute," making the subpoenas patently overbroad. In addition, whether or not Defendants' clients have had other "disputes" with Defendants over the past eight years, and the manner in which those disputes were resolved, have no bearing on the claims and defenses in the instant case. See, e.g., Palumbo v. Shulman, 1998 U.S. Dist. LEXIS 16009, at *14 (S.D.N.Y. Oct. 13, 1998) (quashing subpoena seeking documents beyond transaction at issue in case).

Further, Plaintiff's subpoenas are an undue burden because they would require UBSFS' clients to search records over an eight year period (starting in 2000), which is clearly an inconvenience and undue burden on the non-party clients, particularly in light of the fact that the material facts of this case occurred in 2005 and thereafter.  See Concord Boat Corp., 169 F.R.D. at 48 (court noted that status of witness as non-party to the underlying litigation entitles witness to consideration regarding expense and inconvenience) (quoting Fed. R. Civ. P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party from significant expense").

### B.       Defendants Already Have Produced All Relevant, Non-Privileged Information Plaintiff Requests in the Subpoenas

All of the relevant documents sought by Plaintiff already have been disclosed by Defendants at an earlier stage in discovery.  Specifically, in response to Plaintiff's document requests and the Court's Order, Defendants provided to Plaintiff all non-privileged documents concerning the UBSFS clients' complaints regarding any financial advisor in the Pearl River Branch (including Plaintiff and his "partners"), their accounts, and/or settlements of any claims arising from Defendants' handling of their accounts. Thus, the documents that Plaintiff now seeks from these clients already have been produced.  Moreover, the depositions of Plaintiff's clients are an improper use of the discovery process for the sole purpose of further disrupting Defendants' business where the documents do not support Plaintiff's claims.

Further, as noted above, in the Order dated January 16, 2008, Plaintiff was entitled to propound a document request seeking all documents concerning disputes between any of these specific clients and UBSFS and/or a financial advisor relating to a financial advisor's conduct.  (See Exhibit G).  In response to such document requests,

Defendants have produced all relevant documents. Defendants also have produced documents, and witnesses have provided sworn testimony, to sufficiently substantiate their Counterclaims regarding Plaintiff's defamation of Defendants after he resigned.

>    **C.    Plaintiff's Attempt to Depose Defendants' Clients Represents an Undue Burden on Defendants and Substantiate That Plaintiff's Intentions are to Further Disrupt Defendants' Business**

On a motion to quash a subpoena requiring the attendance of an individual or the production of documents, the party issuing the subpoena must make a showing of "good cause," for the deposition and the material demanded. Sensytrol Corp. v. Radio Corp. of Am., 18 F.R.D. 279, 280 (S.D.N.Y. 1965). Specifically, the party issuing the subpoena must make a specific showing that the material sought and the deposition are relevant to some claim or defense in this action in order to "justify imposing the burden of compliance with the subject subpoenas upon nonparties." Curro v. Watson, 884 F. Supp. 708, 714 (E.D.N.Y. 1995). Here, the only purpose of the depositions sought by Plaintiff's counsel is to subject Defendants to further hardship in this matter by disrupting their business interests and subjecting valuable clients to unnecessary discovery. Such an improper purpose is clear grounds for a motion to quash the subpoenas issued. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 70 (2d Cir. 2003) (stating that a court "may prevent the proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship").

This is particularly true where, as here, Plaintiff has a history of harassing Defendants' clients and attempting to interfere with Defendants' business relationships. Indeed, following Plaintiff's resignation from his position at UBSFS, he misappropriated UBSFS' confidential information in an effort to contact all of the clients he now seeks to

depose in an attempt to divert their business away from Defendants. Following that, Plaintiff disparaged Defendants to these clients, with the aim of disrupting Defendants' business and causing Defendants irreparable harm. Moreover, Plaintiff even took steps to harass Defendants' clients in defiance of the Court's Order by personally serving the subpoenas after the Court stayed them. Finally, as explained above, Plaintiff has already obtained all relevant information concerning the UBSFS clients, making further disclosure from Defendants' clients nothing more than a transparent attempt to harass those clients, thereby interfering with their business relationship with Defendants. This type of conduct is sufficient grounds to preclude Plaintiff from seeking discovery from, and taking the depositions of, the UBSFS client. See, e.g., Joy Technologies, Inc. v. Flakt, Inc., 772 F. Supp. 842, 849 (D. Del. 1991) (precluding discovery from defendants' customers because of potential interference with defendants' business relationship where plaintiff failed to show that information sought was not available from defendant); Murata Mfg. Co. v. Bel Fuse, Inc., 234 F.R.D. 175, 186 (D. Ill. 2006) (granting protective order to defendants because their customer relationships would be disrupted if plaintiffs was permitted to contact defendants' clients).

## CONCLUSION

Based on the above, it is clear that the undue burden on Defendants and their clients in responding to the disputed subpoenas is significantly greater than the prejudice, if any, suffered by Plaintiff if the subpoenas are quashed. Plaintiff's subpoenas are patently overbroad and the relevant, non-privileged information has already been produced by Defendants to Plaintiff. Plaintiff should not be permitted to use the discovery process to continue his interference with Defendants' business and harassment of Defendants' clients. Therefore, Defendants' Motion to Quash Plaintiffs' Subpoenas issued to UBSFS clients Eugene Chernick (deceased), Scott Chernick, Ellen Lawrence, Louis Magrino and Peter Margonelli, should be granted in its entirety, along with the reasonable expenses, including attorneys' fees, of Defendants regarding Plaintiff's subpoenas issued to UBSFS' clients, and such further relief as the Court may deem just and proper.

Dated: New York, New York
      March 31, 2008

Respectfully Submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____

    Douglas H. Wigdor (DW-9737)
    Andrew S. Goodstadt (AG-2760)
    Jordan K. Merson (JM-7939)

350 Fifth Avenue, Suite 5720
New York, NY 10118
Telephone: (212) 239-9292
Facsimile: (212) 239-9001

Counsel for Defendants/Counterclaim Plaintiffs UBS Financial Services Inc., Thomas Reichert and Barry Connell