# EXHIBIT H



# Thompson Wigdor & Gilly LLP

**Douglas Wigdor**
dwigdor@twglawyers.com

January 18, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/08

**BY FACSIMILE**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    <u>Grauer v. UBS Financial Services Inc., et al., 07-CV-5450 (LAP)</u>

Dear Judge Preska:

On behalf of Defendants in the above-referenced matter, we are writing to respectfully request an informal conference to seek immediate relief for Ms. Goodman's (Plaintiff's counsel) contempt of the Court's Order on January 16, 2008 staying Plaintiff's subpoenas to UBSFS clients Eugene Chernick (deceased), Scott Chernick, Ellen Lawrence, Louis Magrino and Peter Margonelli ("the stayed subpoenas"). Subsequent to the January 16 Court conference, and in defiance of the Court's finding and rationale for staying the subpoenas, Plaintiff personally served subpoenas to at least one of the UBSFS clients that early evening, and then continued to do so yesterday evening – even after we wrote to Ms. Goodman objecting to the service of the subpoenas in violation of the Court's stay. Thus, we respectfully request permission to move for monetary sanctions. We do not take this request lightly, but believe that Plaintiff's ongoing flagrant disregard for the Court's Order cannot go unabated.

Several hours after the January 16 Court conference and Order, Plaintiff chose to proceed with personal service of the stayed subpoenas to UBSFS clients. See Ex. B (Letter from Janice Goodman to Andrew Goodstadt, dated January 17, 2008). In light of Ms. Goodman's apparent disregard of the Court's Order, we immediately wrote to Ms. Goodman objecting to her actions and reminding her that the Court stayed the subpoenas due to their vexatious and harassing impact on the UBSFS clients at issue. See Ex. A (Letter from Andrew Goodstadt to Janice Goodman, dated January 16, 2008). In response, Ms. Goodman continued to exhibit the same obstreperous and flippant attitude towards our concerns about the vexatious, highly intrusive, and harassing nature of these subpoenas to UBSFS clients.[1] Ms. Goodman admitted to serving the

---

[1] Indeed, these clients called to complain to UBSFS, including Eugene Chernick's spouse, who was distressed by having to explain to Plaintiff's process server – a stranger knocking at her door at night – that her husband recently died. Scott Chernick, the client served yesterday evening, called very upset about the subpoena and his

## Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Loretta A. Preska
January 18, 2008
Page 2

subpoenas after the court conference – wavering between disingenuously asserting that the Court never ruled on the issue of the subpoenas (see Ex. A, ¶ 3: "[The Court] never decided the underlying issues that Defendants raised."), and acknowledging the Court's stay of the subpoenas but arguing that she did not need to adhere to it. (See Ex. A, ¶¶ 3, 5).[2]

In further bad-faith and flagrant disregard of the Court's stay, Plaintiff then served another one of the subpoenas yesterday evening on UBSFS client Scott Chernick – despite our January 16 letter clearly stating that Plaintiff's counsel was violating the Court's Order and attempting to ascertain whether she was intentionally doing so before seeking relief from the Court. As with the other subpoenas that were served in defiance of the Court's Order, we learned of Plaintiff's actions when the UBSFS clients, alarmed by these subpoenas, contacted UBSFS to complain and question why Plaintiff was still trying to harass them and embroil them in his dispute with UBSFS. Thus, there is no question that these clients have been harassed by these subpoenas. Moreover, it is clear that Plaintiff's intended objective is in fact to harass these clients, because if Plaintiff actually was seeking these clients' documents and depositions for legitimate reasons, Plaintiff would have abided by the Court's instructions and allowed the process of obtaining further discovery from UBSFS concerning these clients to be completed before seeking to press forward with the subpoenas.

Accordingly, we respectfully request that the Court set an informal conference to address our proposed motion to seek sanctions against Ms. Goodman for the service of the subpoenas in violation of the Court's stay. We are forced to seek sanctions against Ms. Goodman for her outrageous conduct and do so as a last resort to compel Ms. Goodman to comply with the Court's order and to deter Ms. Goodman from any such further misconduct. Specifically, we will request that: (1) Ms. Goodman be ordered to reimburse Defendants for the attorneys' fees and costs expended to quash the stayed subpoenas and stop Ms. Goodman's disregard of the Court's stay; and (2) an order quashing the stayed subpoenas.

Respectfully submitted,

Douglas Wigdor

Enclosures

cc: Janice Goodman, Esq.

---

[1] 10-year old son having been gruffly confronted at their home by Plaintiff's process server, who threw the subpoena in the house in front of the son.

[2] It should also be noted that Plaintiff's counsel violated Fed. R. Civ. P. 45(b)(1) when she served Verizon Wireless (Cellco) and UBSFS's clients subpoenas without proper advance notice to Defendants.

---

*Handwritten order by Judge Preska:*

Plaintiff's counsel shall inform each of the named individuals served with subpoenas that were the subject of the January 16 Order that the Court has stayed those subpoenas and thus the recipients need take no action. Counsel shall provide to Defendants' counsel proof of such notice. Plaintiff's counsel may serve no subpoenas on anyone without prior permission of the Court. Counsel shall appear for a conference on this matter on February 8, 2008 at 10:00 a.m.

SO ORDERED
Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

January 25, 2008