UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MICHAEL GRAUER,

        Plaintiff,

   -against-                     ANSWER TO AMENDED
                                     COUNTERCLAIMS
                                     JURY TRIAL DEMANDED
UBS FINANCIAL SERVICES, INC.,
THOMAS REICHERT, and BARRY CONNELL,    07-CV-5450 (LAP/DCF)

        Defendants.
----------------------------------------x


ANSWER TO COUNTERCLAIMS

    Plaintiff by and through his undersigned attorney, Janice Goodman answers the Counterclaims in the above captioned matter as follows

    1.  Deny, except admit that Plaintiff resigned under threat of termination.

    2.  Deny, except admit that as a consequence of statements made by UBS on Plaintiff's U-5 submitted to the SEC, the NYSE has initiated an investigation.

    3.  Deny, except admit that after his termination from UBSFS Plaintiff met with a UBSFS client who had complaints about the way he was being treated by Defendant Reichert and others and his belief that he was not fairly compensated for the mismanagement of his account in about 2000.

    4.  Deny knowledge to form a belief as to when UBS allegedly discovered what it believed to be mismarked client order tickets

and deny that Plaintiff knowingly mismarked any tickets or that Plaintiff violated UBS's compliance policies or SEC regulations.

5. Deny, and state that the diatribe in this averment is no more than legal argument.

6. Deny, except admits that Connell and Plaintiff shared responsibility for obtaining authorization from their clients for trades and that Plaintiff on large quantities of shares relied on Connell's representation as to the clients' authorization.

7. Deny, except admits that Connell and Plaintiff shared responsibility for obtaining authorization for trades, and that Plaintiff on large quantities of shares relied on Connell's representation as to the clients' authorization.

8. Deny, except admits that at 3 p.m. on June 29, 2006 Plaintiff was asked to leave the office while UBS conducted an investigation into alleged violations of company policy.

9. Deny

10. Deny

11. Deny, except admits that he said that he believed that either he or one of his partners called the clients prior to placing trades.

12. Deny, except admits that it was suggested by UBS that Plaintiff turn over home phone records, but before any action could be taken, Plaintiff was banished from the office and there was no further direct communication between Plaintiff and UBS.

13. Deny, except admits that on July 21, 2006 Plaintiff resigned when he was told that if he does not agree to "retire" he would be terminated.

14. Deny, except admits that Plaintiff annually signed a form regarding UBS rules and regulations.

15. Deny, except admits that Plaintiff removed his personal belongings.

16. Deny, except admits that since Plaintiff did not have a non-compete or non-solicitation agreement he had every right to call his clients, many of whom he brought with him to UBS from prior employment.

17. Deny, except admits that since Plaintiff did not have a non-compete or non-solicitation agreement that he fairly contacted clients, and that he wrote a Market Letter which does not require a sponsored securities license and that he suggested to his clients that they continue working with Connell.

18. Deny, and states that Defendants diatribe is no more than legal arguments and conclusions.

19. Deny, except admits that since Plaintiff did not have a non-compete or non-solicitation agreement with UBS he fairly competed with UBS and lawfully continued his 20 year practice of giving clients his home baked cookies.

20. Deny except admits that since Plaintiff did not have a non-compete or non-solicitation agreement with UBS he fairly

competed for clients, including those whom he brought to UBS from prior employment.

21. Deny

22. Deny, except admits that since Plaintiff did not have a non-compete or non-solicitation agreement with UBS he fairly competed for clients including those whom he brought to UBS from prior employment.

23. Deny, except admits that since Plaintiff did not have a non-compete or non-solicitation agreement with UBS he fairly competed for clients, including protecting himself against the defamatory statements and claims being made against him by Defendants.

24. Deny, except admits that Connell was his partner and they had plans to move to another firm together. Plaintiff trusted Connell, but when he learned that Connell was defaming and denigrating him to the clients he did tell people that he felt betrayed. Plaintiff subsequently learned in discovery that personal emails that he sent to Connell were passed on to UBS management to use against him and that Connell falsely told management that Plaintiff was taking proprietary material from the location. As a consequence, Connell inherited many of Plaintiff's clients.

25. Deny, except admits Plaintiff likened himself to Dreyfus who had been made a scape goat for something he did not do.

26. Deny and states that the averment is a legal argument and conclusion.

27. Deny, and states that for the several months after his termination from UBS, Plaintiff sent business to Connell, but in response to Connell's malicious defamatory attacks on him, did rightfully and understandably say he lost trust in Connell, which conclusion is fully justified by Connell's admissions at his deposition.

28. Deny that Plaintiff engaged in slanderous, libelous, defamatory and/or tortuous conduct.

29. Deny

30. Deny

31. Plaintiff repeats and realleges all response to the averments set forth in paragraphs 1-30.

32. Deny

33. Plaintiff repeats and realleges all responses to the averments set forth in paragraph 24.

34  Plaintiff repeats and realleges all response to the averments set forth in paragraph 24

35. Plaintiff repeats and realleges all responses to the averments set forth in paragraph 25.

36. Deny

37. Deny

38. Deny.

39. Deny

40. Deny

41. Deny

42. Deny

43. Deny

44. Deny

45. Deny

46. Plaintiff repeats and realleges all responses to the averments set forth in paragraphs 1-45.

47. Deny except admits that Defendants allege that Plaintiff had certain legal responsibilities toward UBS.

48. Deny

49. Deny

50. Deny

51. Plaintiff repeats and realleges all responses to the averments set forth in paragraphs 1-50.

52. Deny, except admits that McNeill, Connell and Grauer were partners regarding the business of certain clients some of whom were originally Grauer's clients with whom he had long term stable business relationships.

53. Deny

54. Deny

55. Deny

56. Deny

57. Deny

58. Plaintiff repeats and realleges all responses to the averments set forth in paragraphs 1-57.

59. Deny except admits that UBS had policies, rules and regulations which Plaintiff believes that he abided by.

60. Deny

61. Deny

62. Deny

PRAYER FOR RELIEF

A. Deny that Defendants are entitled to any of the relief requested.

B. Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

C. Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

4. Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

E. Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

F. Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by

the acts of Plaintiff in any amount.

G.  Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

H.  Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

I.  Deny that Defendants are entitled to any of the relief requested, and further deny that Defendants have been damaged by the acts of Plaintiff in any amount.

J.  Deny that Defendants are entitled to any relief.

Dated: New York, New York
       April 23, 2008

LAW OFFICES JANICE GOODMAN

By: _____
   Janice Goodman (0487)
   275 Seventh Avenue, Suite 2300
   New York, New York 10001
   (212) 869-1940