# *Janice Goodman*
## *Attorney at Law*

275 SEVENTH AVENUE
SUITE 2300
NEW YORK, NEW YORK 10001

TEL 212.869.1940
FAX 212.419.1510
E-MAIL jg@janicegoodmanlaw.com

August 12, 2008

**By Facsimile (212) 805-7941**
Honorable Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

      Re: Grauer v UBSFS, et al
         07-CV-5450 (LAP/DCF)

Dear Judge Preska:

      I write to oppose Defendants' request for substitution of counsel on the grounds that it does not conform with Rule 1.4 of the Local Civil Rules and substitution of an out-of-state attorney at this late date in the proceedings is likely to cause undue delay.

      Local Rule 1.4 requires that an order to relieve counsel may only be granted upon a "showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if, any on the calendar." See: *Hallmark Capital Corp., v Red Rose Collection, Inc.,* 1997 WL 661146 (S.D.N.Y. Oct. 21, 1997). Defendants cavalierly ignore the Rule and do not even make a pretense of explaining their position, or what impact such a move will have. Moreover, this case is in the last stages of discovery and Plaintiff is concerned that bringing in new counsel, particularly one from out-of-state, will delay the proceeding and will reopen issues.

      First, to date even arranging deposition dates with two sets of local counsel has been inordinately difficult. Arranging dates with a third counsel who is out of state will undoubtedly complicate the matter even more. It is hard to believe that in this great city and state of New York where all the parties work that adequate substitute counsel could not be found locally.

Honorable Loretta A. Preska              -2-                 August 12, 2008


        Second, usually when a substitution of counsel is made there is an affirmative statement
that it will cause no delay in the procedures.  No such statement is made.[1]  Indeed the Court has
just been asked to rubber stamp Defendants' unexplained request.

        Third, there is no commitment not to relitigate issues.  For example, the Court has
previously made rulings regarding continuing depositions of the individually named Defendants
for whom new counsel is being sought.  There are also rulings about production of certain
documents.  These issues should not be relitigated.

        Absent Defendants affirmative showing of satisfactory reasons for substitution by out-of-
state counsel and the commitment not to delay the proceedings or relitigate issues, Defendants'
request should be denied.

                                          Respectfully submitted,


                                          Janice Goodman

JG:kfm

cc: Andrews S. Goodstadt, Esq. (by e-mail)
    Michael Grauer

---

[1]  Defendants made no effort to discuss this matter with Plaintiff's counsel prior to
submitting their request.