```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MICHAEL GRAUER,                              07 CV 5450 (LAP)

          Plaintiff,              ORDER

   v.

UBS FINANCIAL SERVICES, INC., et al.,

          Defendants.

-------------------------------------------------------X

LORETTA A. PRESKA, United States District Judge:

     Having reviewed counsel's recent series of letters (attached) and construing them as the individual defendants' motion to dismiss their counterclaim pursuant to Rule 41(a)(2) and plaintiff's opposition thereto without certain conditions, the motion is granted, and the counterclaim is dismissed with prejudice.

SO ORDERED:

Dated: September 16, 2008

                                  _____
                                  LORETTA A. PRESKA, U.S.D.J.

grauerorder916

# Janice Goodman
## Attorney at Law

275 SEVENTH AVENUE
SUITE 2300
NEW YORK, NEW YORK 10001

TEL. 212.869.1940
FAX 212.419.1510
E-MAIL jg@janicegoodmanlaw.com

September 9, 2008

**By Facsimile (212) 805-7941**
Honorable Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

      Re: Grauer v UBSFS, et al
           07-CV-5450 (LAP/DCF)

Dear Judge Preska:

    I write briefly in response to Reichert and Connell's letter of September 8, 2008.

    The case of *Rouse v Walter & Associates, LLC,* 242 F.R.D. 519 (SD Iowa 2007) is not supportive of Defendants' position for two reasons. First, the *Rouse* counterclaims were dismissed after discovery revealed that there was not a viable claim. Defendants here make no such concession. Their position is that continuation of their claims is essentially inconvenient since it will interfere with their client relations and will take away from their devoting 100% of their time to business. When they brought their claims, which among other things said Grauer defamed them to clients and improperly solicited clients, they knew that they involved their clients, and presumably were advised that litigation can be time consuming. Second, in *Rouse* the counterclaims were completely withdrawn thus removing the issues in their entirety from the case. Here all of the counterclaims remain and the individual Defendants will be totally embroiled in the testimony supporting those claims.

    There is no Count I in Plaintiffs' complaint to dismiss. As counsel for Defendants is very well aware, Plaintiff's claim against them is limited to violation of the State HRL.

                                  Respectfully submitted,

                                  Janice Goodman

JG:kfm

cc: Thomas M. Knepper, Esq. (By Fax)
    Douglas H. Wigdor, Esq. (By Fax)
    Michael Grauer

# Knepper & Gladney
### ATTORNEYS AT LAW

150 NORTH WACKER DRIVE · SUITE 3050
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 957-1300
FACSIMILE (312) 957-1070

DIRECT DIAL (312) 957-1066

September 8, 2008

**VIA FACSIMILE**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

    re:    <u>Grauer v. UBS Financial Services Inc., et al., 07-CV-5450</u>

Dear Judge Preska:

    At page two, line twelve of the letter we faxed to your chambers about an hour ago, the word "without" should be "with". We apologize for any inconvenience or confusion this may have caused to the Court or counsel.

                                      Respectfully submitted,

                                      Thomas M. Knepper

cc:    Janice Goodman, Esq. (via facsimile)
        Andrew Goodstadt, Esq. (via facsimile)



## Knepper & Gladney
ATTORNEYS AT LAW

150 NORTH WACKER DRIVE · SUITE 3050
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 957-1300
FACSIMILE (312) 957-1070

DIRECT DIAL (312) 957-1066

September 8, 2008

***VIA FACSIMILE***

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

    re:     <u>Grauer v. UBS Financial Services Inc., et al., 07-CV-5450</u>

Dear Judge Preska:

    Please accept this correspondence as the reply of defendants Connell and Reichert to the letter of September 5 from Ms. Goodman on behalf of the plaintiff, opposing these defendants requested relief under F.R.C.P. 41(c).

    First, while accusing all the defendants of prosecuting the counterclaims in bad faith, Ms. Goodman unequivocally admits that "individuals are not liable under the Federal ADEA." On this point she is indeed quite correct, and for that reason this Court can and should *sua sponte* dismiss Count 1 of plaintiff's second amended complaint as to these defendants, thus avoiding any needless waste of resources by the parties and the Court in connection with resolution of that claim as to these defendants.

    Second, Ms. Goodman states that "Reichert and Connell are obviously maintaining their right (sic) to relitigate the issues". We are puzzled as how she could possibly make such a statement, given that (a) our September 4th submission expressly and unambiguously stated that "these defendants are willing to dismiss the counterclaims as to themselves *with prejudice*" (emphasis supplied) and, (b) we have explained in detail how the relationships of these defendants with their respective client bases have become intrinsically counterproductive to their continued status as counterclaim plaintiffs. Surely these defendants' willingness to dismiss with prejudice acts to satisfy the requirement of subsection (a)(2) of Rule 41 that dismissal is "upon such terms and conditions as the court deems proper." Published cases involving requests for voluntary dismissal with prejudice are few and far between. However, *Rouse v. Walter & Associates*, LLC, 242 F.R.D. 519 (S.D. Iowa 2007), sheds some light on the issue. There, the defendants moved to dismiss their counterclaims of tortious interference with contract, tortious interference with prospective business relationship, and slander per se. The defendants' counsel

*Honorable Loretta A. Preska*
*September 8, 2008*
*Page 2 of 3*

explained that after reviewing the defendants' pleadings, "it was determined there were several claims on which they did not believe they would be able to prove up a large or significant amount of damages." *Id.* at 524. The Court noted that "[t]his is a legitimate explanation for seeking a dismissal." *Id.* After concluding that dismissal was warranted, and in light of the fact that the other parties had "already spent time, energy, and money...defending the claims", the Court found "pursuant to the provisions of Federal Rule of Civil Procedure 41(a)(2), that it is a reasonable condition that the dismissals be with prejudice." *Id.* Here, these defendants are the ones suggesting that the dismissal be with prejudice. Again, they have weighed the damages they believe they can prove up against the costs – both out-of-pocket and in terms of damage to ongoing client relationships – and have determined that it is not the best use of their resources or the Court's time to pursue such damages. As in *Rouse*, this should be viewed as a "legitimate explanation" and dismissal without prejudice should constitute "reasonable conditions".

Third, Ms. Goodman states that "voluntary dismissal, absent stipulation of the parties, is only allowable before responsive pleadings are filed." This reflects a fundamental misunderstanding of purpose behind Rule 41 and this Court's inherent power to simplify the issues in every case on its docket. Where, as here, a reply to the counterclaim has been filed, voluntary dismissal is appropriate by order of court, and that is precisely what subsection (a)(2) of the Rule is, in pertinent part, designed to address.

Fourth, and with respect to any consideration to be given under Rule 41 to whether or not the plaintiffs' efforts to date in connection with defending against the counterclaim allegations would be rendered useless by a dismissal with prejudice, Ms. Goodman herself provides the answer. She states "UBS and the individual defendants are so intertwined in [the counterclaims] that unless UBS joined in the dismissal, nothing is saved." And, hence, nothing is lost. Plaintiff's request for fees and costs need not and should not be addressed in connection with these defendants' request for Rule 41 relief, because that same issue will of necessity be resolved on the merits with whatever judgment is rendered on UBSFS' still-standing counterclaim.

Fifth, under Ms. Goodman's argument, and simply assuming for the moment that all she says could somehow be true, these defendants should be *forced* to continue prosecution of their counterclaims – the very claims Ms. Goodman characterizes as "vexatious litigation" -- and thereby *increase* plaintiff's supposed damages on an as yet unpleaded "action for frivolous and vexatious litigation." The self-defeating nature of such a proposal is transparently obvious, and these defendants trust that this Court would not be inclined to condone plaintiff's attempt to make this litigation even more convoluted, more costly, more time-consuming and more contentious.

Respectfully submitted,

Thomas M. Knepper

*Honorable Loretta A. Preska*
*September 8, 2008*
*Page 3 of 3*

cc: Janice Goodman, Esq. (via facsimile)
     Andrew Goodstadt, Esq. (via facsimile)

# Janice Goodman
## Attorney at Law

275 SEVENTH AVENUE
SUITE 2300
NEW YORK, NEW YORK 10001

TEL 212.869.1940
FAX 212.419.1510
E-MAIL jg@janicegoodmanlaw.com

September 5, 2008

**By Facsimile (212) 805-7941**
Honorable Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

  Re: Grauer v UBSFS, et al
    07-CV-5450 (LAP/DCF)

Dear Judge Preska:

  I write on behalf of Plaintiff Michael Grauer regarding Defendants Reichert and Connell's request to dismiss their Counterclaims pursuant to Rule 41(c) of the Federal Rules of Civil Procedure. Having put Plaintiff Grauer through extraordinary financial and emotional expense to defend against a frivolous Countersuit, Counterclaim Plaintiffs Reichert and Connell now beg sympathy to allow them to withdraw their charges without penalty for the havoc they wrought. The request should be denied unless they are prepared to pay the costs of their actions, including reasonable attorneys fees, and for the emotional pain caused by their tortuous act of bringing vexatious litigation.

  First, the request violates Rule 41(c). It appears that Defendants seek to voluntarily dismiss their Counterclaims and ask the Court's approval. However, voluntary dismissal, absent stipulation of the parties, is only allowable before responsive pleadings are filed. Nor is there a basis for involuntary dismissal by the Court under Rule 41(b), which only empowers to Court to dismiss where there has been a failure to prosecute or failure to follow the Rules.

  Here not only has Plaintiff Grauer answered the complaint by responding to the 52 paragraphs of allegations, but there has been close to one year of discovery taken by and of Reichert and Connell relating to the Counterclaims. Plaintiff estimates that close to 75% of the work that we had to do on this matter and in discovery has been in response to the frivolous Counterclaims. Grauer's ADEA claim itself is very simple and straightforward, which, assuming cooperation of opposing counsel, could have been concluded within six months. Yet, the Counterclaim allegations were so numerous and the causes of action so broad and convoluted that extensive discovery was

Honorable Loretta A. Preska        -2-        September 5, 2008

needed. For example, the need to depose the third party witnesses stemmed primarily from Grauer's defense of the Counterclaims.[1] Most of the first day of the deposition taken of Mr. Reichert was spent on the Counterclaims. In support of their Counterclaims, Defendants, including Connell and Reichert, delved through Mr. and Ms. Grauer's personal telephone records subpoenaed from Verizon; they obtained all of his client contact records from his new employer; they subpoenaed all of his solicitation letters; they deposed his daughter, whose telephone records they threatened to subpoena; they demanded production of the hard drive of Plaintiff's wife's employer's computer.[2] Defending those Counterclaims has been an extraordinary expense both in terms of deposition costs and attorney time. Plus it has had a substantial emotional impact. Grauer's family has been deposed and his new employer became embroiled in production of documents, requiring explanations to his supervisors as to what was going on.

Reichert and Connell's desire to voluntarily dismiss their own Counterclaim at this late stage supports Grauer's claim that the Counterclaim was nothing more than a retaliatory SLAPP suit and vexatious litigation. Reichert and Connell, each of whom now has a multi-million dollar multi-year employment contract with Morgan Stanley, cannot avoid accountability by simply walking away from the litigation that they started.

Second, there is no merit to the claim that dismissal of the Counterclaims by Reichert and Connell will streamline the case. UBS and the individual Defendants are so intertwined in those claims that unless UBS joined in the dismissal, nothing is saved. All that happens is Reichert and Connell save money on their lawyer, while Plaintiff still has the expense of fully litigating all four Counterclaims. Indeed those four Counterclaims are based almost entirely on allegations raised by Reichert and Connell, and their testimony will undoubtedly be an intricate part of UBS' summary judgment motion and trial, if their case gets that far. As written in their pleadings, each of the Four Counterclaims are brought on behalf of all the Defendants without differentiation as between the parties as to who was harmed by what actions. In a telephone conversation held yesterday morning Counsel for UBSFS made it very clear that they were not withdrawing any claims. As I understand the very broad Counterclaims and UBSFS position, Defendant UBSFS, for example, will continue the defamation, libel and slander per se claim saying that UBSFS, through the alleged statements made about Reichert and Connell as well as about UBSFS was damaged and lost clients and money as a result. Moreover, UBSFS is on record as saying that all of its damages are derivative flowing from the losses suffered by Reichert and Connell. Indeed, in a surprise to everyone, at a Court

---

[1] Defendants claim that I contacted Reichert and Connell's new employer. Since it is unclear whether they believe that action inappropriate, I want to advise the Court that the only contact I had with Morgan Stanley was in pursuing the Subpoena for Records which the Court approved.

[2] Plaintiff objected to the request and it appears Defendants have wisely decided not to pursue it, but all of this required legal work.

Honorable Loretta A. Preska -3- September 5, 2008

conference counsel for UBSFS said that the agent who could explain the claim for a loss of some $217,000 was Mr. Reichert.

Third, there is no question but that the Reichert deposition continuation will go forward since the first day of deposition was devoted almost entirely to issues on the counterclaim and much discovery was left undone on Plaintiff's underlying claims.[3] Reichert and Connell are both named Defendants in Plaintiff's age discrimination suit. Although individuals are not liable under the Federal ADEA, there is a pendant claim under State Law which recognizes liability of aiders and abettors. Thus, the bottom line is that Reichert and Connell will have to be fully involved through summary judgment and trial.[4]

Finally, it appears that the request to voluntarily dismiss is not even to dismiss with prejudice. It is presumed that a voluntary dismissal is without prejudice, unless stipulated otherwise. *Palmier v Defaria*, 88 F 3d 136, 140 (2d Cir. 1996). Reichert and Connell are obviously maintaining their right to relitigate the issues.

Messrs. Reichert and Connell should have considered the burden and expense of litigation when they chose to slap Mr. Grauer with a SLAPP suit. It is hard to feel sympathy for their financial situation since they are now earning millions as contrasted with Mr. Grauer's substantial loss of income. It would be inequitable to dismiss their claims, unless they are taxed with the costs of the litigation, including reasonable attorneys' fees and for the emotional harm to Plaintiff and/or Plaintiff is allowed to amend his complaint to bring an action for frivolous and vexatious litigation.

Respectfully submitted,

Janice Goodman

JG:kfm

cc: Andrew Goodstadt, Esq. (via facsimile)
Thomas M. Knepper, Esq. (via facsimile)

---

[3] In fact, the parties have agreed to hold Reichert's deposition on September 25th and Connell's on September 26th, although Mr. Knepper reserved his right to pursue his motion for voluntary dismissal.

[4] Counsel's discussion of the list of clients that Reichert and Connell intended to solicit after leaving UBS and which was supposedly affixed to their letters of resignation pursuant to the so called "protocol" is peripheral to the present motion. Plaintiff certainly believes he is entitled to those lists in discovery, if they exist.

# Knepper & Gladney
ATTORNEYS AT LAW

150 NORTH WACKER DRIVE · SUITE 3050
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 957-1300
FACSIMILE (312) 957-1177

DIRECT DIAL (312) 957-1166

September 3, 2008

**VIA FACSIMILE**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

    re:     *Grauer v. UBS Financial Services Inc., et al., 07-CV-5450*

Dear Judge Preska:

    We represent defendants Thomas Reichert and Barry Connell (as the context permits, herein referred to collectively as "these defendants") in the above-referenced matter and in accordance with your Individual Practices, we write requesting a pre-motion conference to discuss these defendants' anticipated motion pursuant to Federal Rule of Civil Procedure 41(c), seeking dismissal of each them as parties to the Counterclaim previously filed in this action.

    As a preliminary matter and in order to place this request in proper context, it is important to note that these defendants earn their economic livelihoods as what are generically referred to as "stockbrokers." Their livelihoods are premised to a very substantial degree on the establishment and maintenance of seamless relationships with their respective clients. These client relationships frequently involve the placement of a high degree of trust in and respect for the judgment of each of these defendants. Because these relationships are service-oriented in nature, the exclusive goal and focus of the relationship is to maximize the likelihood that each client's investment objectives, including long and short term opportunities to build wealth, are being attended to on an ongoing basis.

    The Counterclaim in this action alleges in pertinent part that these defendants have sustained a "loss of career development" (¶27) and a "loss of past and future income"(¶28). Unfortunately, proving these claims and the resultant damages (as well as a defamation-based cause of action) has become intrinsically counterproductive to achieving the client goals set forth in the preceding paragraph, because the direct involvement of clients is essential to presenting the most persuasive case for recovery of such damages. Moreover, the pursuit of such damages acts simply to interfere with what should be the sole and exclusive nature of the client/stockbroker relationship, *i.e.*, the pursuit of wealth-building through the purchase and sale

*Honorable Loretta A. Preska*
*September 3, 2008*
*Page 2 of 3*

of securities consistent with the client's investment objectives and risk tolerance. Simply by way of example, plaintiff's counsel has recently contacted at least three of Mr. Connell's clients relative to this litigation, and that contact serves, from the perspective of these defendants, both as an unpleasant and irrelevant distraction to the pursuit of wealth-building and to negatively impact their client relationships. (Nothing contained herein is intended to imply any accusation that plaintiff's counsel acted improperly by initiating those contacts with clients of these defendants.) Ironic as it may be, the very harm for which these defendants have sought redress in the Counterclaim will be further compounded by continuing pursuit of that very relief. Hence, these defendants are willing to forever forego recovery of damages to which they are otherwise entitled to in order to avoid any further harm that would likely result from this point forward were they to forge ahead with their Counterclaim.

The need for this pre-motion conference became evident following the aforementioned phone calls by plaintiff's counsel, and another call from plaintiff's counsel to these defendants' new employer. That need became even more acute once these defendants were made aware of this Court's prior order requiring the production to plaintiff of the client lists referred to in their respective letters of resignation tendered to co-defendant UBS Financial Services Inc. ("UBSFS"). The clients identified in Mr. Reichert's list are all persons who were never known to plaintiff, and the clients identified in Mr. Connell's list include multiple high net worth individuals who came to be clients of Mr. Connell during the two year period following plaintiff's resignation from UBSFS and prior to Mr. Connell's own resignation. Although these defendants have not retained copies of their respective lists, UBSFS is believed to be continuing to diligently search its paper and electronic files for such lists. In the spirit of full disclosure, and in the event that any such lists are located, these defendants readily admit that they will take all available steps to vigorously oppose production (other than in an appropriately redacted form) of such valuable and highly sensitive information, any arguable relevancy of which would quite obviously vanish in the absence of these defendants' status as counter-plaintiffs. Disclosure of the client lists constitutes a severe threat to these defendants' respective livelihoods once in the hands of the plaintiff and/or his counsel. This unintended consequence was utterly unforeseeable when the Counterclaim was instituted and at a time when these defendants were still employed by UBS.

In sum, there are essentially two reasons for which these defendants seek to dismiss the Counterclaim. First and foremost, they seek to eliminate on a going-forward basis any further harm to their existing client relationships. Second, by streamlining the litigation in this fashion, these defendants seek to avoid additional legal fees and costs associated with further prosecution of the Counterclaim. As this Court is aware, new counsel have been substituted in this matter; but the financial arrangements regarding payment of fees and costs have changed as well. Weighing the potential costs (both in terms of out-of-pocket expenses and the effect on client relationships) against their potential damages, these defendants have made the considered judgment that going forward with the Counterclaim would not be in their overall best interests. This decision was made as soon as practicable and without any unnecessary delay following the

*Honorable Loretta A. Preska*
*September 3, 2008*
*Page 3 of 3*

retention of new counsel by these defendants and their collective awareness of the events discussed above.

Finally, Plaintiff cannot be prejudiced by an Order granting the relief sought herein, because these defendants are willing to dismiss the counterclaims as to themselves with prejudice. Such dismissal which will simplify the issues of this dispute, reduce the time allotted for the resumed deposition of Mr. Reichert and eliminate entirely the need to resume the deposition of Mr. Connell. The Counterclaims themselves, however, will not disappear from this case as a result of the granting of this motion. Only three of the four claims for relief pled in the Counterclaim involve these defendants – UBS alone brought a fourth claim for breach of fiduciary duty. The claims these defendants seek permission to dismiss relate to (1) defamation, (2) wrongful interference with business relations, and (3) misappropriation of confidential client information. Each of those claims would remain with respect to UBS despite the granting of these defendants' Rule 41 motion and thus any work done by plaintiff's counsel will not be rendered useless. In sum, the other litigants will be unaffected by the outcome of the anticipated motion, except to the extent that, if granted, the time and expense of *all* the parties will be significantly reduced.

We stand ready to promptly provide the Court with such other information as it might request in addressing this request for a pre-motion conference.

Respectfully submitted,

Thomas M. Knepper

cc: Janice Goodman, Esq. (via facsimile)
    Andrew Goodstadt, Esq. (via facsimile)