# TWG

## Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Douglas H. Wigdor**
dwigdor@twglaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/08
```

October 23, 2008

**BY FACSIMILE**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    <u>Grauer v. UBS Financial Services Inc., et al., 07-CV-5450</u>

Dear Judge Preska:

As you know, we represent UBS Financial Services Inc. ("UBSFS") in the above-referenced matter and write to respectfully request that the Court re-consider its Order dated October 22, 2008, in which UBSFS was ordered to produce a 30(b)(6) witness to testify about the counterclaim damages chart. There is simply no UBSFS employee who can go through the chart line-by-line and explain it to Ms. Goodman because it is defense counsel's work product (that was produced pursuant to Court order). Indeed, the counterclaim damages chart is a demonstrative exhibit. Thomas Reichert will lay the foundation for the documents we used to obtain the information in the chart and then we, as counsel will explain the chart, which simply calculates the numbers contained within the documents. This would be similar to a criminal case wherein the Government introduces various exhibits to demonstrate the size of the loss and the prosecutor, in summation, puts together the various documents and calculates the total loss. Surely, once the documents are introduced, the lawyers are free to make arguments concerning their significance.

Towards that end, we have already produced Mr. Reichert as a witness to testify regarding the information in the documents we disclosed to Ms. Goodman prior to that deposition. Ms. Goodman could have asked Mr. Reichert about any document that we turned over to her as part of our damages calculation. There is no one else at UBSFS, who can provide more information about the counterclaim damages chart. While I do not believe we are obligated to do so under

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Loretta A. Preska
October 23, 2008
Page 2

the Federal Rules of Civil Procedure, I have told Ms. Goodman that we are personally willing to sit down with her and explain line-by-line how we calculated our damages. We are still willing to do that, but cannot produce a UBSFS witness to do so when none exists.

Thank you for your attention to and consideration of our request.

Respectfully Submitted,

Douglas H. Wigdor

cc: Janice Goodman, Esq. (by facsimile & e-mail)
Thomas M. Knepper, Esq. (by facsimile)

---

UBS' motion for reconsideration does not comply with the requirements of Local Civil Rule 6.3 in that it merely restates the prior argument. Accordingly, the Court adheres to its prior order to the effect that a witness be produced pursuant to Rule 30(b)(6) to explain UBS' method of calculating damages.

October 24, 2008

So ordered
Loretta A. Preska
USDJ